PAID

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC - 7 2023

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON SAM ) | |
| ) | |
| Plaintiff, ) | Case No. 8:23-cv-02307-DOC-(JDE) |
| v. ) | |
| ) | |
| EQUIFAX INFORMATION SERVICES LLC ) | |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS INC ) | |
| ) | |
| TRANS UNION, LLC ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Winston Sam, and for his complaint against defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions Inc. ("Experian") and Trans Union LLC ("Trans Union"), and in support thereof, he alleges the following:

### PRELIMINARY STATEMENT

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conduct business in this District.

### PARTIES TO ACTION

4. Winston Sam is a natural person that lives in Huntington Beach, California.

5. Defendants Equifax, Experian and Trans Union are credit reporting agencies.

1

## FACTUAL ALLEGATIONS

6. Mr. Sam had pristine credit until summer of this year when the Defendant credit reporting agencies ("CRAs") began reporting a collection account by TBF Financial.

7. The CRAs are reporting that Mr. Sam owes $61,276 for this collection.

8. Not only does Mr. Sam not have any personal debts in that amount, he also has no business debts for that amount.

9. According to his credit reports, the account was opened in February 2023.

10. There is zero percent chance that Mr. Sam opened this account in February 2023.

11. And the account number reported with the account is not an account number that is associated with any accounts that belong to Mr. Sam.

12. Additionally, Experian and Trans Union are reporting that Mr. Sam is a co-signor for this account while Equifax is reporting the account as Undesignated and Other.

13. Mr. Sam is not a co-signor on any account so this account cannot belong to him.

14. Last but certainly not least, Equifax is reporting that the collection is being reported by a "debt buyer" but the report does not list an original creditor.

15. While Experian and Trans Union are reporting an original creditor for the collection, they are reporting some entity by the name of Pier Assignee of Lendini, which does not even appear to exist.

16. Several months ago, Mr. Sam sent a dispute letter directly to TBF that requested verification of the debt and TBF never responded to his letter.

17. Mr. Sam has sent numerous disputes to Defendants.

18. In response to each dispute, the Defendants have simply asked TBF to respond to the dispute and accepted TBF's response without considering Mr. Sam's position.

19. TBF did not conduct a reasonable investigation for TBF simply confirmed the Defendants were parroting the information previously supplied by TBF.

20. In other words, TBF made no effort to determine whether the information it supplied to the Defendants was accurate or not.

21. Instead of checking on the accuracy of the information that it reported, TBF only checked to make sure that the Defendants were consistently reporting the information regardless of whether the information was accurate or not.

22. The Defendants know from prior experience that TBF is an unreliable source of information and that it does not conduct reasonable investigations that even seek to verify, much less actually verify the accuracy of disputed information.

23. Defendants should have deleted the account after TBF responded to Mr. Sam's dispute without making any modifications to obvious inaccuracies or incompleteness.

24. However, not only did the Defendants forego doing any investigation of their own, but the Defendants performed no evaluation of TBF's response and otherwise made no attempt to assure TBF's response could be reconciled with the information already in the report or information provided by Mr. Sam.

25. Making matters worse when the Defendants forwarded Mr. Sam's dispute to TBF, the Defendants summarized the dispute in a manner that did not accurately convey the dispute and omitted certain aspects of the dispute that was needed for TBF to effectively investigate the dispute.

26. The Defendants routinely perform such perfunctory investigations because they save money by outsourcing their investigation duties to furnishers and they increase their profits by permitting negative items to go uncorrected, which generates more money.

## COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1681e(b)

27. Plaintiff incorporates paragraphs 1 through 26.

28. Defendants violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained for Plaintiff.

29. The foregoing violation(s) were done intentionally and/or recklessly in that the Defendants know their procedures do not meet the obligations of the FCRA but they have determined that they save more money by employing unreasonable procedures than the cost of litigating lawsuits that emanate from the inaccuracies of their unreasonable procedures.

30. Due to the TB collection on Plaintiff's credit reports, he is unable to obtain a personal loan and personally guarantee a loan for money that he desperately needs.

31. Consequently, the Plaintiff is in a bind that he does not know how to get out of, and this bind has caused him to feel frustrated, depressed and physically sick.

32. Defendants' actions were intentional or reckless, both which amount to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

33. As a result of Defendants' violations, Plaintiff suffered actual damages, including but not limited to: reduced credit score, damage to credit profile and financial reputation, and the attendant mental anguish of dealing with the damage credit.

34. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT TWO: VIOLATIONS OF 15 U.S.C. § 1681i(a)

35. Plaintiff incorporates paragraphs 1 through 26.

36. Defendants violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation of Plaintiff's disputes, failing to forward accurate portrayal of the disputes to the TBF Financial, failing to review and consider all relevant information provided by Plaintiff, and failing to remove information that could not be verified as accurate or complete.

37. The foregoing violation(s) were done intentionally and/or recklessly in that the Defendants know their procedures do not meet the obligations of the FCRA, but they have determined that they save more money by employing unreasonable procedures than the cost of litigating lawsuits that emanate from the inaccuracies of their unreasonable procedures.

38. Due to the TB collection on Plaintiff's credit reports, he is unable to obtain a personal loan and personally guarantee a loan for money that he desperately needs.

39. Consequently, the Plaintiff is in a bind that he does not know how to get out of, and this bind has caused him to feel frustrated, depressed and physically sick.

40. Defendants' actions were intentional or reckless, both which amount to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

41. As a result of Defendants' violations, Plaintiff suffered actual damages, including but not limited to: reduced credit score, damage to credit profile and financial reputation, and the attendant mental anguish of dealing with the damage credit.

42. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1681i(c)

43. Plaintiff incorporates paragraphs 1 through 26.

44. Defendants violated 15 U.S.C. § 1681i(c) by failing to include a statement of dispute after the Plaintiff notified the CRAs—via his second dispute—that he was not satisfied with the results of their investigation.

45. The foregoing violation(s) were done intentionally and/or recklessly in that the Defendants know their procedures do not meet the obligations of the FCRA but they have determined that they save more money by employing unreasonable procedures than the cost of litigating lawsuits that emanate from the inaccuracies of their unreasonable procedures.

46. Due to the TB collection on Plaintiff's credit reports, he is unable to obtain a personal loan and personally guarantee a loan for money that he desperately needs.

47. Consequently, the Plaintiff is in a bind that he does not know how to get out of, and this bind has caused him to feel frustrated, depressed and physically sick.

48. Defendants' actions were intentional or reckless, both which amount to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

49. As a result of Defendants' violations, Plaintiff suffered actual damages, including but not limited to: reduced credit score, damage to credit profile and financial reputation, and the attendant mental anguish of dealing with the damage credit.

50. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays:

A. That the Court award actual damages Counts I, II & III;

B. That the Court award maximum statutory damages for Count I, II & III;

C. That the Court award maximum punitive damages for Count I, II & III;

D. That the Court award costs and any reasonable attorneys' fees; and

E. That the Court award prejudgment and post-judgment interest.

Dated: December 4, 2023                                Respectfully submitted,

                                                                      Winston Sam (Pro Se)
                                                                      8842 Derek Circle
                                                                      Huntington Beach, CA 92647
                                                                      (808) 557-9299
                                                                      silvercrestcorp@gmail.com